# IN THE COURT OF APPEALS OF IOWA

No. 3-608 / 12-1121
Filed August 27, 2014

**PAUL KYLE QUIGLEY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Nancy S. Tabor, Judge.

Applicant appeals the district court decision denying his request for postconviction relief from his convictions on three counts of second-degree sexual abuse. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Alan Ostergren, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., Bower, J., and Sackett, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Paul Quigley was charged with three counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(2) (2001). The State alleged that when Quigley was seventeen and eighteen years old he had engaged in sexual acts with a child who was under the age of twelve. A jury found Quigley guilty of the charges against him. He was sentenced to serve a term of imprisonment of twenty-five years on each charge, to be served concurrently.

Quigley filed the present application for postconviction relief on June 8, 2010. He claimed his sentences constituted cruel and unusual punishment because he was a juvenile when at least one of the incidents occurred and because of his mental abilities. He asked for an individualized sentencing hearing. The district court denied the application for postconviction relief. Quigley appeals.

In the recent case of *State v. Lyle*, ___ N.W.2d ___, ___, 2014 WL 3537026, at *21 (Iowa 2014), the Iowa Supreme Court held the "mandatory minimum sentencing schema, like the one contained in section 902.12, violates article I, section 17 of the Iowa Constitution when applied in cases involving conduct committed by youthful offenders." The court went on to state:

> It is important to be mindful that the holding in this case does not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed, nor does it prohibit the legislature from imposing a minimum time the youthful offenders must serve in prison before being eligible for parole. Article I, section 17 only prohibits the one-size-fits-all mandatory sentencing for juveniles.

*Lyle*, 2014 WL 3537026, at \*22.  The court determined all juveniles currently serving a mandatory sentence of imprisonment should be resentenced, recognizing the court has "the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment, including one that suspends all or part of the sentence, including any mandatory minimum."  *Id.* at \*23.

Pursuant to *Lyle*, we vacate Quigley's sentence and remand his case for resentencing under the standards set forth by the Iowa Supreme Court.  We note the court specifically stated its holding in *Lyle* only applied to juveniles, stating "our holding today has no application to sentencing laws affecting adult offenders."  *Id.*  Thus, the district court may need to differentiate between offenses Quigley committed as a juvenile and those he committed as an adult.  Furthermore, *Lyle* did not address issues concerning a defendant's mental capabilities.  At this point we determine only that under the Iowa Supreme Court's holding in *Lyle* Quigley is entitled to be resentenced for offenses he committed as a juvenile after an individualized sentencing hearing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING**.